**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BETTY KARNS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:25-cv-00187-CB |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | Chief Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

For the reasons that follow, the Court will deny Plaintiff's Motion for Judgment on the

Pleadings (Doc. 8).

**I.     MEMORANDUM**

Plaintiff Betty Karns ("Claimant") files this appeal, challenging the Administrative Law

Judge's ("ALJ's") decision dated July 26, 2024.  See generally Compl. (Doc. 3); ALJ's Decision

(Doc. 6-2) at 38–59.  Plaintiff seeks supplemental security income ("SSI") and disability

insurance benefits ("DIB") based on a disability onset date of January 1, 2022.  See Doc. 6-2

at 41.

After finding Claimant has multiple severe impairments, including mood disorder,

anxiety disorder, substance use disorder and posttraumatic stress disorder ("PTSD"), the ALJ

found Claimant's residual functional capacity ("RFC") includes working with "limited to no

interaction with the public and occasional interaction with coworkers and supervisors."  Id. at 44,

46.  Based on this finding, the vocational expert testified that Claimant had the ability to perform

the jobs of "Marker," "Mail Sorter" or "Cleaner," which exist in significant numbers in the

1

national economy.  Id. at 53–54.  The ALJ consequently found Claimant "not disabled" at step five of the sequential analysis.  Id. at 54.

Having carefully reviewed the entire record, the Court finds that the ALJ's decision was neither erroneous nor unsupported by substantial evidence.  Accordingly, the Court will limit its discussion to the specific points of error raised by Claimant.

Claimant argues that the ALJ erred in two ways: (1) by providing no explanation or evidentiary support for the differing degrees of interaction the ALJ found Claimant could have with the public (none) versus with coworkers and supervisors (occasional); and (2) by failing to mention or address a number of findings on this point by state agency psychological consultants Doctors Shelley Harriet Ross and Karen Evelyn Weitzner, despite explicitly finding other parts of their opinions "mostly persuasive" or unpersuasive.  See Pl.'s Br. in Supp. of Mot. for J. on the Pleadings (Doc. 9) at 8–15.  In pertinent part, both Doctors additionally found Claimant moderately limited in her ability to: "accept instructions and respond appropriately to criticism from supervisors; and get along with coworkers or peers without distracting them or exhibiting behavioral extremes."  Doc. 9 at 9 (citing Ex. 4A (Doc. 6-3) at 13; Ex. 7A (Doc. 6-3) at 29).  Dr. Ross also found Claimant moderately limited in her ability to "work in coordination with or in proximity to others without being distracted by them," while Dr. Weitzner did not.  Id.  Claimant maintains that the ALJ's failure fully to address these opinions or support the RFC finding fatally compromised the vocational expert's evaluation of the jobs Claimant can perform in step five of the analysis.  See id. at 14–15.  The Court does not find either alleged deficiency sufficient to overturn the ALJ's decision.

First, while ALJs are obligated to consider all the evidence in a case and discuss which they rely on and which they reject, they are not obligated "to make reference to every relevant

2

treatment note in a case." Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). The ALJ here did consider the evaluations by Doctors Ross and Weitzner and found their conclusions— explicitly Claimant's "moderate limitation in the ability to interact with others"—"mostly persuasive." Doc. 6-2 at 50. The only conclusion the ALJ found "unpersuasive" was that Claimant could "understand, retain, and follow simple instructions." Id. at 51. Beyond this, it was not necessary for the ALJ to list every finding in each opinion, especially as the limitations Claimant names appear only in drop-down selection portions and are not inconsistent with the opinions' narrative assessments or the conclusions the ALJ explicitly relied on. See Doc. 6-3 at 11–13, 24–25, 29–30; Wise v. Comm'r of Soc. Sec., 626 F. App'x 357, 360 (3d Cir. 2015) ("ALJs are not required to give any weight to these fill-in-the-blank and checklist portions of RFC assessments and [] their focus instead should be on the narrative portions . . . .").

Next, even if the ALJ had discussed the findings to which Claimant points, the Court has no reason to believe it would have changed the ALJ's decision. Rutherford v. Barnhart, 399 F.3d 546, 549, 553 (3d Cir. 2005) (concluding on appeal from an SSI denial that "a remand is not required here because it would not affect the outcome of the case"). The ALJ's conclusion that Claimant is limited to "occasional interaction with coworkers and supervisors" is not inconsistent with her moderately limited ability to: "accept instructions and respond appropriately to criticism from supervisors;" "get along with coworkers or peers without distracting them or exhibiting behavioral extremes;" and "work in coordination with or in proximity to others without being distracted by them." Doc. 6-2 at 46; Doc. 6-3 at 13, 29. Nor do these findings undermine the ALJ's conclusion that Claimant should be limited to "no interaction with the public." Doc. 6-2 at 46. If anything, Dr. Ross's additional finding that Claimant is "[n]ot [s]ignificantly [l]imited" in her "ability to interact appropriately with the general public" weakens Claimant's case and

reinforces the ALJ's ultimate finding that she is "not disabled." Doc. 6-3 at 13; Doc. 6-2 at 54. The ALJ's failure to analyze each finding of Doctors Ross and Weitzner is a far cry from the kind of "rejection of probative evidence which would suggest a contrary disposition" requiring explanation. Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994).

Furthermore, reading the ALJ's decision as a whole, the Court finds that there is more than a "scintilla" of evidence to support the ALJ's distinction between the public on one hand, and coworkers and supervisors on the other. See Biestek v. Berryhill, 587 U.S. 97, 99, 103 (2019) (establishing that ALJ decisions are reviewed under the "substantial evidence" standard, which means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004) (reading the ALJ's decision "as a whole" to determine if "there is sufficient development of the record and explanation of findings to permit meaningful review"). The ALJ discusses Claimant's testimony that "she will always have a panic attack when she either goes on the bus or goes to the grocery store." Doc. 6-2 at 47 (citing Hearing Tr. (Doc. 6-2) at 72). At the same time, the ALJ repeatedly points to observations of Claimant as cooperative and demonstrating normal mood and affect during examinations. See id. at 48 (citing Ex. 1F (Doc. 6-7) at 14, 31; Ex. 4F (Doc. 6-7) at 131, 139, 147, 157; Ex. 6F (Doc. 6-7) at 198; Ex. 9F (Doc. 6-7) at 238, 245). From this, a reasonable factfinder could justify a finding of greater limitation in interacting with the public compared to one-on-one settings, and the Court finds no reason to overturn the ALJ's RFC conclusion.

## II.    ORDER

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's MOTION for Judgment on the Pleadings (Doc. 8) and **AFFIRMS** the ALJ's decision.

IT IS SO ORDERED.

June 30, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All counsel of record